1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

EASTERN DISTRICT OF CALIFORNIA

10
11

KELVIN FELTON,                                   1:12-cv-01066-AWI-GSA-PC

12
            Plaintiff,                           ORDER DENYING PLAINTIFF'S MOTION
        v.                                       FOR LEAVE TO FILE SUPPLEMENTAL
13                                               COMPLAINT, WITHOUT PREJUDICE
J. LOPEZ, et al.,                                (Doc. 10.)
14
            Defendants.
15
_____/
16
17   **I.      RELEVANT PROCEDURAL HISTORY**

18          Kelvin Felton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

19   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

20   action on June 29, 2012.  (Doc. 1.)  On August 24, 2012, Plaintiff filed a motion for leave to file a

21   supplemental complaint.  (Doc. 10.)

22   **II.     MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

23          A supplemental complaint, which is different than an amended complaint, adds allegations

24   to the complaint of events occurring after the original complaint was filed.  Fed. R. Civ. P. 15(d).

25   Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading

26   setting out any transaction, occurrence, or event that happened after the date of the pleading to be

27   supplemented."  Id.  A party may only file a supplemental complaint with leave of court.  Id.  When

28   considering whether to allow a supplemental complaint, the Court considers factors such as whether

1

1   allowing supplementation would serve the interests of judicial economy; whether there is evidence

2   of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose

3   undue prejudice upon the opposing party; and whether amendment would be futile.  See San Luis

4   & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497

5   (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178

6   (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

7        Plaintiff seeks leave to supplement the Complaint to add allegations of excessive force

8   against defendant C/O J. Lopez based on an incident occurring after the original Complaint was filed

9   on June 29, 2012.  He has provided a copy of a Form-602 inmate appeal which he submitted on July

10  20, 2012, in which he alleges that as he was leaving the dining hall, C/O J. Lopez pushed him from

11  behind for no reason and extended his baton, attempting to provoke an altercation.  Plaintiff asserts

12  that he placed the Form-602 appeal in the assigned out box, but it was lost and he was instructed on

13  August 10, 2012 to re-submit it.

14       **Discussion**

15       In a concurrently filed order, the Court found that Plaintiff's Complaint filed on June 29,

16  2012 states cognizable claims for excessive force against defendants C/O Lopez and C/O Harrison.

17  In the motion for leave to supplement the Complaint, Plaintiff indicates that defendant C/O Lopez

18  continues to use force unnecessarily against him, and Plaintiff wishes to make additional allegations

19  against Lopez for excessive force which occurred after the original Complaint was filed.  The Court

20  finds that supplementation of the Complaint with these new allegations would serve the interests of

21  judicial economy because Plaintiff's related claims would be included in one lawsuit.  However, it

22  appears, from Plaintiff's assertion – that his appeal was lost and was instructed to re-submit it -- that

23  he has not exhausted his remedies for the new excessive force claim.  Prisoners are required to

24  exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211,

25  127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

26  Section 1997e(a) mandates that "[n]o action shall be brought ... until [the prisoner's] administrative

27  remedies ... are exhausted," 42 U.S.C. § 1997e(a), and "requires that a prisoner exhaust

28  administrative remedies before submitting any papers to the federal courts," Vaden v. Summerhill,

1   449 F.3d 1047 (9th Cir. 2006) (emphasis added).  Before Plaintiff can successfully bring new

2   allegations in a supplemental complaint, he must first exhaust the available administrative remedies

3   for the new claim.  See Rhodes v. Robinson, 621 F.3d 1102 (9th Cir. 2010).  Therefore, it would be

4   futile for Plaintiff to file a supplemental complaint before he has exhausted his available remedies

5   for the new claim.

6       Based on the foregoing, the Court shall deny Plaintiff's motion to file a supplemental

7   complaint, without prejudice to renewal of the motion with submission of Plaintiff's declaration,

8   signed under penalty of perjury, that he has exhausted all available administrative remedies for the

9   new excessive force claim against defendant C/O Lopez.

10  **III.     CONCLUSION**

11      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to file a supplemental

12  complaint, filed on August 24, 2012, is DENIED, without prejudice to renewal of the motion as

13  instructed by this order.

14

15      IT IS SO ORDERED.

16  **Dated:     February 12, 2013              /s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28