# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON,<br><br>            Plaintiff,<br>    v.<br><br>J. LOPEZ, et al.,<br><br>            Defendants.<br>_____/ | 1:12-cv-01066-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT, WITHOUT PREJUDICE<br>(Doc. 10.) |

**I.  RELEVANT PROCEDURAL HISTORY**

Kelvin Felton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 29, 2012.  (Doc. 1.)  On August 24, 2012, Plaintiff filed a motion for leave to file a supplemental complaint.  (Doc. 10.)

**II.  MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

A supplemental complaint, which is different than an amended complaint, adds allegations to the complaint of events occurring after the original complaint was filed.  Fed. R. Civ. P. 15(d).  Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Id.  A party may only file a supplemental complaint with leave of court.  Id.  When considering whether to allow a supplemental complaint, the Court considers factors such as whether

1

allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

Plaintiff seeks leave to supplement the Complaint to add allegations of excessive force against defendant C/O J. Lopez based on an incident occurring after the original Complaint was filed on June 29, 2012. He has provided a copy of a Form-602 inmate appeal which he submitted on July 20, 2012, in which he alleges that as he was leaving the dining hall, C/O J. Lopez pushed him from behind for no reason and extended his baton, attempting to provoke an altercation. Plaintiff asserts that he placed the Form-602 appeal in the assigned out box, but it was lost and he was instructed on August 10, 2012 to re-submit it.

**Discussion**

In a concurrently filed order, the Court found that Plaintiff's Complaint filed on June 29, 2012 states cognizable claims for excessive force against defendants C/O Lopez and C/O Harrison. In the motion for leave to supplement the Complaint, Plaintiff indicates that defendant C/O Lopez continues to use force unnecessarily against him, and Plaintiff wishes to make additional allegations against Lopez for excessive force which occurred after the original Complaint was filed. The Court finds that supplementation of the Complaint with these new allegations would serve the interests of judicial economy because Plaintiff's related claims would be included in one lawsuit. However, it appears, from Plaintiff's assertion – that his appeal was lost and was instructed to re-submit it -- that he has not exhausted his remedies for the new excessive force claim. Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Section 1997e(a) mandates that "[n]o action shall be brought ... until [the prisoner's] administrative remedies ... are exhausted," 42 U.S.C. § 1997e(a), and "requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts," Vaden v. Summerhill,

449 F.3d 1047 (9th Cir. 2006) (emphasis added).  Before Plaintiff can successfully bring new allegations in a supplemental complaint, he must first exhaust the available administrative remedies for the new claim.  See Rhodes v. Robinson, 621 F.3d 1102 (9th Cir. 2010).  Therefore, it would be futile for Plaintiff to file a supplemental complaint before he has exhausted his available remedies for the new claim.

Based on the foregoing, the Court shall deny Plaintiff's motion to file a supplemental complaint, without prejudice to renewal of the motion with submission of Plaintiff's declaration, signed under penalty of perjury, that he has exhausted all available administrative remedies for the new excessive force claim against defendant C/O Lopez.

**III.   CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to file a supplemental complaint, filed on August 24, 2012, is DENIED, without prejudice to renewal of the motion as instructed by this order.

IT IS SO ORDERED.

Dated:   **February 12, 2013**               /s/ **Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE

3