# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON, | 1:12-cv-01066-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| J. LOPEZ, et al., | (Doc. 3.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I. BACKGROUND

Kelvin Felton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 29, 2012. (Doc. 1.) In a separate order, the Court screened the Complaint pursuant to 28 U.S.C. 1915A and found that Plaintiff stated cognizable claims against defendants Lopez and Harrison for excessive force in violation of the Eighth Amendment. Plaintiff has been granted thirty days to complete and return service documents to the Court.

On June 29, 2012, Plaintiff filed a motion for preliminary injunction. (Doc. 3.)

## II. PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

1    likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
2    in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An
3    injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376
4    (citation omitted) (emphasis added).

5        Federal courts are courts of limited jurisdiction and in considering a request for preliminary
6    injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
7    it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
8    1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
9    454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or
10   controversy before it, it has no power to hear the matter in question. Id.  Requests for prospective
11   relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
12   requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary
13   to correct the violation of the Federal right, and is the least intrusive means necessary to correct the
14   violation of the Federal right."

15       Plaintiff seeks a court order prohibiting defendants and other prison officials from harassing
16   and threatening him, and requiring prison officials to transfer him to another correctional facility.

17       The order requested by Plaintiff would not remedy any of the claims upon which this action
18   proceeds.  This action is proceeding against defendants for excessive force based on an incident
19   which occurred before June 29, 2012.  Plaintiff now requests a court order protecting him from
20   present and future actions.  Because such an order would not remedy any of the claims upon which
21   this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's
22   motion must be denied.

23       Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction
24   over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the*
25   *rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719,
26   727 (9th Cir. 1985) (emphasis added).  Because none of the defendants have appeared in this action,
27   the Court does not have jurisdiction to issue an order prohibiting them from acting against Plaintiff
28   or requiring them to act.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunction, filed on June 29, 2012, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendation, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 12, 2013**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE