UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON,<br><br>            Plaintiff,<br><br>    v.<br><br>J. LOPEZ, et al.,<br><br>            Defendants. | 1:12-cv-01066 AWI GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 48) |

On July 7, 2014, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this stage of the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. While the court has found that Plaintiff states a cognizable claim for excessive force, this finding is not a determination that Plaintiff is likely to succeed on the merits Further, defendant Lopez has filed a motion to dismiss which may result in the dismissal of defendant Lopez from this action. Moreover, based on the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. The legal issues in this case – whether defendants used excessive force – are not complex, and this court is faced with similar cases almost daily. Plaintiff presumes that he will be unsuccessful in obtaining certain discovery materials because he is an inmate. The court finds this concern to be merely speculative at this juncture, as plaintiff provides no evidence that he has attempted to obtain such materials from defendants through discovery. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 24, 2014**                       **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE