# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON, | 1:12-cv-01066-AWI-GSA-PC |
|        Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT LOPEZ'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST CLAIMS IN SUPPLEMENTAL COMPLAINT BE DENIED |
|     vs. | |
| J. LOPEZ, et al., | (Doc. 50.) |
|        Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.    BACKGROUND

Kelvin Felton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's initial Complaint, filed on June 29, 2012, against defendants Correctional Officer (C/O) J. Lopez and C/O S. Harrison for use of excessive force in violation of the Eighth Amendment; and on Plaintiff's Supplemental Complaint, filed on April 19, 2013, against C/O J. Lopez for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.  (Docs. 1, 22.)

On August 14, 2014, defendant C/O J. Lopez ("Defendant") filed a motion for summary judgment under Rule 56 on the grounds that the undisputed facts establish that Plaintiff failed

to exhaust his available administrative remedies with respect to the allegations against him in the Supplemental Complaint. (Doc. 50.) On November 3, 2014, Plaintiff filed an opposition to the motion. (Doc. 53.) On December 12, 2014, Defendant filed a reply to the opposition. (Doc. 56.) Defendant's motion for summary judgment is now before the Court.

## II.     PLAINTIFF'S ALLEGATIONS IN THE SUPPLEMENTAL COMPLAINT

Plaintiff is presently incarcerated at California Men's Colony West in San Luis Obispo, California. The events at issue in the Supplemental Complaint allegedly occurred at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, when Plaintiff was incarcerated there.

Plaintiff alleges that on July 20, 2012, C/O J. Lopez, knowing that Plaintiff had an existing shoulder injury, pushed Plaintiff from behind and extended his baton in hopes of provoking an altercation between Plaintiff and himself. This incident occurred after Plaintiff won a rules violation report authored by C/O Lopez, which angered C/O Lopez. The incident was witnessed by the entire dining hall.[1]

## III.    MOTION FOR SUMMARY JUDGMENT BASED ON EXHAUSTION

### A.     Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct.

---

[1] Plaintiff also refers back to the incident alleged in the initial Complaint, which occurred before June 29, 2012, during which defendants Lopez and Harrison twisted and jerked Plaintiff's left shoulder, causing injuries resulting in Plaintiff's need for a complete shoulder replacement. As of the filing date of the Supplemental Complaint, Plaintiff was still awaiting shoulder surgery.

1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

The test for deciding whether a grievance procedure was unavailable uses an objective standard. Albino v. Baca (Albino I), 697 F.3d 1023, 1035 (9th Cir. 2012). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Id. at 1034. An inmate may demonstrate the unavailability of remedies by showing "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable." Id. at 1033. The inmate must make "a good-faith effort" to determine and comply with a prison's grievance procedures. Id. at 1035.

Because "there can be no absence of exhaustion unless *some* relief remains available, a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

## B.   California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate

3

as having a material adverse effect upon his or her health, safety, or welfare." Cal.Code Regs. tit. 15 § 3084.1(a).  The process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).

At the time of the events giving rise to the Supplemental Complaint in this action, California prisoners were required to submit appeals within thirty calendar days of the event being appealed, and the process was initiated by submission of the appeal at the first level.  Id. at §§ 3084.7(a), 3084.8(c).  Three levels of appeal were involved, including the first level, second level, and third level.  Id. at § 3084.7.  The third level of review exhausts administrative remedies.  Id. at § 3084.7(d)(3).  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford, 548 U.S. at 85; McKinney, 311 F.3d. at 1199-1201.

### C.   Motion for Summary Judgment for Failure to Exhaust

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  Albino v. Baca (Albino II), 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc). Following the decision in Albino II, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[2] or (2) a motion for summary judgment under Rule 56.  Id.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e).  Jones, 549 U.S. at 223–24; Lira  v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

---

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint."  Albino II, 747 F.3d at 1162.

R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.")  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).  In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party."  Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  The Court must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

        In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.  The ultimate burden of proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

///

///

///

**IV.    DEFENDANT'S STATEMENT OF UNDISPUTED FACTS (DUF)[3]**

1.    The events that are the subject of Plaintiff's supplemental complaint occurred while he was incarcerated at California Substance Abuse Treatment Facility (SATF), in Corcoran, California.  (ECF No. 22.)[4]

2.    On July 20, 2012, Defendant Lopez is alleged to have used excessive force when he pushed Plaintiff from behind and extended his baton to provoke an altercation.  (ECF No. 22 at 6.)[5]

3.    Defendant Lopez is alleged to have used excessive force on July 20, 2012, in retaliation for Plaintiff "winning" a Rules Violation Report authored by Defendant Lopez against Plaintiff, and also for Plaintiff filing his original complaint in this action.  (ECF No. 22 at ¶ 6.)[6]

4.    Between July 1, 2012, and December 31, 2012, Plaintiff submitted only one CDCR Form 602 inmate appeal to the appeals coordinator's office at SATF. (Hildreth Decl. at ¶ 11.)[7]

5.    On July 15, 2012, Plaintiff submitted appeal designated Log No. SATF-B-12-03342.  Plaintiff complained that, on July 14, 2012, his personal property was missing after a search of his assigned locker, and that the missing items were not listed on the confiscation receipt as having been taken.  This appeal was decided

///

---

[3]  Defendant submits these facts for purposes of this motion only.  (Doc. 50-3 at 1:20.)

[4] (DUF 1.)  Plaintiff does not dispute this fact.  (Doc. 53 at 14 ¶1.)

[5] (DUF 2.)  Plaintiff does not dispute this fact.  (Id. at 14 ¶2.)

[6] (DUF 3.)  Plaintiff does not dispute this fact.  (Id. at 14 ¶3.)

[7] (DUF 4.)  Plaintiff disputes this fact.  (Id. at 14 ¶4.)  Defendant objects and argues that this fact is undisputed because "[m]ere allegations and conclusions are not sufficient to constitute a 'genuine' dispute of material fact."  (Doc. 56-1 at 2 ¶4.) (quoting Gasaway v. Nw. Mut. Life Ins. Co., 26 F.3d. 957, 960 (9th Cir. 1994)).  A review of Defendant's evidence, Hildreth Decl. at ¶11, shows that this fact is more properly stated as follows:  The appeals office at SATF accepted and reviewed only one inmate appeal submitted by Plaintiff between July 1, 2012 and December 31, 2012.  The court finds this fact, as restated, to be undisputed.

at the first and second levels of review before proceeding to the third level of review.  (Hildreth Decl. at ¶ 11 & Ex. A.)[8]

6.  Institutional Log No. SATF-B-12-03342 was received and accepted for review at the Office of Appeals (OOA), which is the third formal level for non-healthcare appeals, and it was assigned OOA Log No. 1204072.  (Briggs Decl. at ¶ 8 & Ex. B.)  Between July 1, 2012, and December 31, 2012, this is the only inmate appeal from Plaintiff that was accepted and decided upon by the OOA at the Third Level of review.  (Briggs Decl. at ¶ 8.)[9]

7.  Under prison regulations governing inmate appeals, when the OOA receives an inmate appeal for a Third Level decision that does not comport with procedural requirements, the OOA will screen and return the appeal to the submitting inmate, without rendering a decision on it. The appeal is returned with a letter instructing the inmate on how to cure the deficiency, if a cure is possible. (Briggs Decl. at ¶ 9.)[10]

8.  The OOA's records disclose that, from July 1, 2012, through December 31, 2012, the OOA screened out two inmate appeals that inmate Felton submitted. OOA No. 1113667 (Institutional Log No. SATF-11-03266) was received on July 16, 2012, and screened out on September 12, 2012.  OOA No. 1111286 (Institutional Log No. SATF-12-00539) was received on July 27, 2012, and screened out on August 17, 2012.  (Briggs Decl. at ¶ 10.)[11]

///

---

[8] (DUF 5.)  Plaintiff does not dispute this fact.  (Id. at 14-15 ¶5.)

[9] (DUF 6.)  Plaintiff disputes that this was the only appeal submitted.  (Id. at 15 ¶6.)  However, Plaintiff has not disagreed with any part of DUF 6 as stated.  Therefore, this is not a disputed fact.

[10] (DUF 7.)  Plaintiff disputes this fact, without supporting evidence.  (Id. at 15 ¶7.)  Therefore, Plaintiff has not created a genuine dispute of this fact.

[11] (DUF 8.)  Plaintiff disputes this fact, without supporting evidence.  (Id. at 15 ¶8.)  Therefore, Plaintiff has not created a genuine dispute of this fact.

9.      During the time frame relevant to Plaintiff Kelvin Felton's complaint, the regulations governing inmate appeals required prisoners, such as Plaintiff, to submit an appeal within thirty calendar days of the event or decision being appealed, use the required form, and proceed through several levels of appeal: (1) first formal level appeal; (2) second level appeal to institution head; and (3) third level appeal to the Director of the CDCR.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.8(b), and 3084.7 (2012).  (Hildreth Decl. at ¶¶ 6-7; Briggs Decl. at ¶ 5.)[12]

10.     Plaintiff was required to obtain a decision at the third formal level in order to fully exhaust.  Cal. Code Regs. tit. 15, § 3084.7(d)(3) (2012).  (Hildreth Decl. at ¶ 6; Briggs Decl. at ¶ 5.)[13]

## V.      DEFENDANT'S MOTION

Defendant Lopez argues that Plaintiff failed to exhaust his administrative remedies for his claims against Defendant in the Supplemental Complaint, because Plaintiff's only exhausted appeal between July and December 2012 does not mention or describe the July 20, 2012 alleged incident.  Defendant argues that Plaintiff's failure to follow CDCR regulations establishes that he did not put prison officials on notice of the claims alleged against him in the Supplemental Complaint.

Defendant provides evidence that between July 1, 2012 and December 31, 2012, Plaintiff filed only one CDCR Form 602 inmate appeal at SATF.  (DUF 4; Hildreth Decl. at ¶11.)  This appeal, designated Log No. SATF-B-12-03342, was submitted on July 15, 2012, and complained that on July 14, 2012, Plaintiff's personal property was missing after a search of his assigned locker, and that the missing items were not listed on the confiscation receipt as having been taken.  (DUF 5; Hildreth Decl. at ¶11 & Ex. A.)  This appeal was the only appeal

---

[12] (DUF 9.)  Plaintiff disputes this fact, without supporting evidence.  (Id. at 15 ¶9.)  Therefore, Plaintiff has not created a genuine dispute of this fact.

[13] (DUF 10.)   Plaintiff disputes this fact, without supporting evidence.   (Id. at 15 ¶10.) Therefore, Plaintiff has not created a genuine dispute of this fact.

filed between July 1, 2012 and December 31, 2012 that was accepted and decided at the Third Level of review and thus, exhausted.  (DUF 6; Briggs Decl. at ¶8.)

Defendant argues that because this appeal was submitted five days before the alleged July 20, 2012 incident in the Supplemental Complaint, it could not have exhausted Plaintiff's remedies for the July 20, 2012 incident.  Defendant also argues that because Plaintiff filed no other appeal at SATF for the remainder of 2012, Plaintiff has not fully exhausted his administrative remedies regarding his Eighth and First Amendment claims against Defendant in the Supplemental Complaint.

Based on an examination of Defendant's Undisputed Facts and evidence, the court finds that Defendant has met his burden of showing evidence that there was an administrative remedy available to Plaintiff, but that Plaintiff did not exhaust the appeals process for his claims against Defendant in the Supplemental Complaint.  However, the mere absence of exhaustion does not entitle Defendant to dismissal of the claims in the Supplemental Complaint.  See Brown, 422 F.3d at 935-36 ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available").  As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).  Therefore, the burden shifts to Plaintiff to come forward with evidence showing that he did exhaust his available remedies, or that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

## VI.   PLAINTIFF'S OPPOSITION

The Court looks to Plaintiff's Supplemental Complaint, verified Declaration, and exhibits supporting his opposition.[14]

---

[14]In deciding a motion for summary judgment, the Court may consider other materials in the record.  Fed. R. Civ. P. 56.  A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is

In the Supplemental Complaint, Plaintiff states that he "has exhausted all available administrative remedies regarding the described (sic) in this complaint.  This exhaustion has gone all the way to the California Department of Corrections, the Director's level."  (Suppl. Compl., Doc. 22 at 7 ¶VII.)

In opposition to the motion for summary judgment, Plaintiff argues that he was prevented from exhausting his remedies for the claims in the Supplemental Complaint because his Form 602 inmate appeal, which he placed in a locked appeals box at the prison accessible only to prison officials, on or about July 25, 2012, was somehow lost.  Plaintiff claims that he subsequently submitted a second and third copy of the appeal but never received any response. In Plaintiff's Declaration of March 27, 2013, he asserts that he made an effort to submit the Form 602 inmate appeal [concerning the claims in the Supplemental Complaint] and it was somehow lost even though he placed it in the appeals box in the presence of C/O Burton and C/O Ross, both second watch officers in the building.  (Pltf's Decl., Exh. A to Oppn, Doc. 53 at 21 ¶2.)  Plaintiff also asserts that after the allotted time had passed to answer the appeal, he submitted a Form 22 query, asking the Appeals Coordinator about the whereabouts of the appeal.  (Id. at 22 ¶3; Exh. J to Oppn., Doc. 53.)   Plaintiff asserts that he was informed that the appeal was never received and was told to submit another copy.  (Id. at 22 ¶4; Exh. J.)  Plaintiff sent a second copy, which was not received either, and then a third copy.  (Pltf's Decl. at 22 ¶4.)  Plaintiff declares that as of the date of the Declaration, "nothing has been submitted in my behalf as to this Form-602 inmate appeal."  (Id.)  Plaintiff submits a copy of the Form 22 query he made to the Appeals Coordinator on August 8, 2012, which shows that he inquired about the appeal, was told by the Appeals Coordinator that it was not received, and was instructed to

///

"based on personal knowledge" and "sets forth specific facts admissible in evidence."  Keenan v. Hall, 83 F.3d 1083, 1090 & n. 1 (9th Cir. 1996) opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (quoting McElyea v. Babbitt, 833 F.2d 196, 197–98 & n. 1 (9th Cir.1987)).  Plaintiff signed the Supplemental Complaint under penalty of perjury.  (Doc. 22 at 10.)  Plaintiff's Declaration of March 27, 2013, submitted as an exhibit to his Opposition, was also signed under penalty of perjury.  (Doc. 53, Exh. A at 21-22.)  Therefore, Plaintiff's opposition to the motion for summary judgment is based in part on the evidence in his verified Supplemental Complaint, Declaration, and the Exhibits supporting his opposition.

submit another copy.  (Exh. J to Oppn., Doc. 53 at 58-60.)  Plaintiff also submits a copy of his

appeal dated July 20, 2012.  (Exh. K to Oppn., Doc. 53 at 59-61.)

## VII.   DEFENDANT'S EVIDENTIARY OBJECTIONS

Defendant objects to Plaintiff's evidence in support of his opposition to the motion for

summary judgment.  (Doc. 56-2.)

### A.   Plaintiff's Declaration

Defendant objects to the evidence listed immediately below as (1), on the grounds that

"[m]ere allegations or denials" do not meet the opposing party's burden of establishing a

genuine issue of material fact.   (quoting Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d

957, 960 (9th Cir. 1994).

(1)   Plaintiff's Declaration Pursuant to 28 U.S.C. § 1746 in Support of Request of

Leave to Supplement the Original Pleading.  (Doc. 53 at 20-22; Exh. A.)

Plaintiff has not opposed the objection.

### Discussion

Defendant has not adequately supported this objection, and the court finds no basis in

the objection to preclude consideration of this evidence.  Therefore, this objection is overruled.

### B.   Court Records and Plaintiff's Discovery Requests

Defendant objects to the following evidence as irrelevant to the issue of exhaustion.

(1)   Order Finding Cognizable Claims in Supplemental Complaint; Thirty Day

Deadline for Plaintiff to Complete and Return Service Documents.  (Doc. 53 at

23-29, Exh. B.)

(2)   Order Granting Plaintiff's Renewed Motion for Leave to File Supplemental

Complaint; Thirty Day Deadline to File Supplemental Complaint as Instructed

By This Order.  (Doc. 53 at 30-33; Exh. C.)

(3)   Civil Rights Complaint Pursuant to Title 42 U.S.C. Section 1983; Demand for

Jury Trial; First Amended Complaint With Leave of the Court to Include a

Cause of Action After the Original Complaint Was Filed Against J. Lopez.

(Doc. 53 at 34-44; Exh. D.)

(4)     Order Denying Plaintiff's Motion for Leave to File Supplemental Complaint, Without Prejudice.  (Doc. 53 at 62-65; Exh. L.)

(5)     Order Denying Plaintiff's Reviewed Motion for Leave to File Supplemental Complaint, Without Prejudice.  (Doc. 53 at 70-72; Exh. N.)

(6)     Plaintiff's First Set of Requests for Production of Documents.  (Doc. 53 at 102-109; Exh. Q.)

Plaintiff has not opposed these objections.

**Discussion**

These exhibits consist of copies of documents from the court's record for this case, and a copy of Plaintiff's first set of requests for production of documents.   The court has reviewed these documents and finds no relevance to the issue of Plaintiff's exhaustion of remedies except in Exhibits C (Order Granting Plaintiff's Renewed Motion for Leave to File Supplemental Complaint) and Q (Plaintiff's First Set of Requests for Production of Documents).  In Exhibit C, the court states, "It appears from Plaintiff's declaration signed under penalty of perjury, in which Plaintiff states that he attempted to exhaust administrative remedies for the July 20, 2012 incident, that Plaintiff exhausted the remedies available to him.  (Doc. 20.)"  (Doc. 53 at 33:8-10.)  In Exhibit Q, Plaintiff requests a copy of the 2012 Memo concerning the appeals process.  (Doc. 53 at 105 ¶17, 107 ¶26.)  Therefore, Defendant's objections to Exhibits B, D, L, and N on relevance grounds are sustained, and Defendant's objection to Exhibits C and Q are overruled.

**C.     Plaintiff's Correspondence With Office of Inspector General, Prison Law Office, and District Court**

Defendant objects to the following evidence on the grounds that "[m]ere allegations or denials" do not meet the opposing party's burden of establishing a genuine issue of material fact.  (quoting Gasaway, 26 F.3d at 960.)

(1)     Plaintiff's August 16, 2012 Letter to the Office of Inspector General.  (Doc. 53 at 50-51; Exh. G.)

///

(2)     Plaintiff's April 18, 2013 Letter to the Prison Law Office.  (Doc. 53 at 52-54; Exh. H.)

(3)     Plaintiff's August 21, 2012 Letter to the United States District Court, Eastern District of California.  (Doc. 53 at 55-56; Exh. I.)

Plaintiff has not opposed these objections.

**Discussion**

These exhibits are copies of typewritten letters from Plaintiff, addressed to the Inspector General in Sacramento, the Prison Law Office, and the United States District Court in Fresno, discussing Plaintiff's issues with the prison appeals process.  Defendant has not adequately supported these objections with argument and evidence and therefore, these objections are overruled.

**D.     CDCR 602 Appeals and Other Prison Records**

Defendant objects to copies of CDCR 602 Appeal records, a Form 22 Request for Interview, and a Rules Violation Report submitted as evidence by Plaintiff, listed immediately below as (1), (2), (3), (4), (5) and (6), on the grounds that "[m]ere allegations or denials" do not meet the opposing party's burden of establishing a genuine issue of material fact, that the exhibits lack foundation and are not properly authenticated, that supporting documents must be authenticated by and attached to an affidavit and the affiant must be a person through whom the exhibits could be admitted into evidence, and that CDCR personnel statements constitute inadmissible hearsay.   In addition, Defendant objects to Exhibits O, P, and S, listed immediately below as (3), (4), and (6), on the grounds they are irrelevant to the issue of exhaustion for the July 20, 2012 incident involving only Defendant Lopez.

(1)     Plaintiff's CDCR Form 22, Inmate/Parolee Request for Interview, Item, or Service.  (Doc. 53 at 57-58; Exh. J.)

(2)     CDCR Form 602, Inmate/Parolee Appeal, dated July 20, 2012.  (Doc. 53 at 59-61; Exh. K.)

(3)     CDCR 602, Log. No. SATF-11-03266.  (Doc. 53 at 73-94; Exh. O.)

(4)     Rules Violation Report, Log No. B-11-12-007.  (Doc. 53 at 95-101; Exh. P.)

(5)     August 23, 2013 Letter from J.D. Lozano, Chief of Office of Appeals, to Plaintiff, Re: "Appeal Activity."  (Doc. 53 at 110-113; Exh. R.)

(6)     CDCR 602, Log. No. SATF-B-12-539.  (Doc. 53 at 114-126; Exh. S.)

Plaintiff has not opposed these objections.

**Discussion**

These forms and letters are copies of prison records concerning Plaintiff's Form 602 Appeals and Rules Violation Report.  First, Defendant's objections on the grounds that "mere allegations and denials do not meet Plaintiff's burden" are overruled as insufficiently supported.  Therefore, Defendant's objection to Exhibit K is overruled.  Second, Defendant's objections to Exhibits O, P, and S as irrelevant are sustained, as the court finds no relevance in these exhibits to the exhaustion issue at hand.  Third, Defendant's objections to Exhibits J and R on the grounds of foundation, authentication, and hearsay are overruled.  In the Court's experience, these exhibits are copies of standard forms used by the CDCR during the prison appeals process, and they fall under the hearsay exception for records of a regularly conducted activity.  Fed. R. Evid. 803(5).  With respect to the challenge of authentication, here authentication does not need to be done by a person with knowledge, as the circumstances in which Plaintiff acquired the documents, the appearance of the documents, and the substance of the documents are sufficient to suggest that these documents are what they purport to be.  Fed. R. Evid. 901(a).  With respect to Defendant's objection that Plaintiff has not laid a proper foundation, the court finds it sufficient that Plaintiff refers to the exhibits in the body of his opposition as evidence in support of the arguments in his opposition.  Accordingly, Defendant's objections to Exhibits J and R are overruled.

**E.     Warden's Memorandum and Letter to Plaintiff**

Defendant objects to the following evidence for lack of proper foundation and authentication, and as inadmissible hearsay.

(1)     March 20, 2012 Memorandum from Acting Warden Ralph Diaz to All Staff, Re: "CDCR 602 Inmate/Parolee Appeal Collections Sites and Staff Responsibility." (Doc. 53 at 45-47; Exh. E.)

(2)      November 7, 2012 Letter from Office of Inspector General to Plaintiff  (Doc. 53 at 48-49; Exh. F.)

Plaintiff has not opposed these objections.

**Discussion**

Exhibit E consists of an official Memorandum to staff from the Warden, dated March 20, 2012, concerning Policy #12/018, describing the placement of secure appeal collection sites at SATF, the process to be followed for inmates who desire a receipt for a submitted appeal, and staff responsibility for collecting appeals from secure collection sites.  Exhibit F consists of a copy of a letter to Plaintiff from the Office of the California Inspector General, dated November 7, 2012.

Defendant's hearsay objections are overruled.  The court finds that these documents fall under the hearsay exception for records of a regularly conducted activity.  Fed. R. Evid. 803(5).  With respect to the challenge of authentication, here authentication does not need to be done by a person with knowledge, as the circumstances in which Plaintiff acquired the documents, the appearance of the documents, and the substance of the documents are sufficient to suggest that this document is what it purports to be.  Fed. R. Evid. 901(a).  With respect to Defendant's objection that Plaintiff has not laid a proper foundation, the court finds it sufficient that Plaintiff refers to the exhibits in the body of his opposition as evidence in support of the arguments in his opposition.  Accordingly, Defendant's objections to Exhibits E and F are overruled.

**F.      Plaintiff's Request to the Court**

Defendant objects to the following evidence on the grounds that "[m]ere allegations or denials" do not meet the opposing party's burden of establishing a genuine issue of material fact.  (quoting Gasaway, 26 F.3d at 960.)

(1)      Plaintiff's Request for Leave of the Court to Supplement the Original Pleading.  (Doc. 53 at 66-69; Exh. M.)

Plaintiff has not opposed this objection.

///

///

**Discussion**

Defendant has not adequately supported this objection and therefore, the court is not persuaded that consideration of this evidence should be precluded. Therefore, this objection is overruled.

**VIII.   DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**

Defendant argues that Plaintiff has only submitted speculative testimony, and no corroborating evidence, that officers intercepted and confiscated his inmate grievances before they could be properly exhausted. Defendant argues that Plaintiff's evidence presents no genuine dispute of fact regarding availability of his administrative remedies. Defendant also argues that Plaintiff's evidence that he was able to submit and exhaust an appeal just prior to the subject incident, shows that his administrative remedies were still available, but he failed to utilize them. Defendant also argues that Plaintiff failed to use the remedies available to him after his appeals allegedly went missing.

Defendant argues that even construing Plaintiff's evidence in Plaintiff's favor, his conclusion that his appeal went missing at the hands of correctional officers is not supported by any corroborating evidence. Defendant argues that most of Plaintiff's evidence is his own testimony, which amounts to mere allegations and speculation that his appeals were being stolen. Defendant asserts that Plaintiff produced no affidavits or declarations from witnesses who he claims saw him submit his appeals or who opened the locked appeals collection box to show him that his first appeal was collected, or from the Appeals Coordinator with whom Plaintiff communicated about his initial missing grievance. (Doc. 53 at 6, 7, 21-22, 58, 67-69, 128-130.) Defendant argues that Plaintiff undermines his claims when he purports that Exhibit K is the "actual appeal," because Plaintiff's own handwriting on the appeal states that it is actually the "second appeal" submitted. (Doc. 53 at 18 & 60-61.) Defendant also shows that while Plaintiff states that he submitted the first appeal on July 29, the appeal at Exhibit K is actually dated July 20. (Doc. 53 at 2 & 60-61.) Defendant argues that Plaintiff has not explained how he still has possession of the "actual appeal" if correctional officers allegedly stole it.

Defendant argues that Plaintiff's claim that the appeals process was not available to him is undermined by the fact that just five days prior to the subject incident, Plaintiff was able to submit appeal #SATF-B-12-03342 and successfully exhaust it to the Third Level.  (Doc. 50-1 at 3; 50-3 at 2.)  Defendant also argues that Plaintiff's ability to use the grievance process undermines his claim that a conspiracy exists amongst correctional officers to steal his appeals.

Defendant argues that Plaintiff failed to utilize the administrative remedies still available to him, specifically the tracking process discussed in Plaintiff's Exhibit E, the March 2012 Memorandum.  Defendant asserts that Plaintiff failed to follow instructions to submit the appeal in an unsealed envelope along with a CDCR Form 22, after which he would receive proof that he had submitted the appeal.  Instead, Plaintiff submitted his appeal, then waited until later to submit a Form 22, after which the appeals office stated they had no record of the appeal and advised him to resubmit it.  (Doc. 53 at 4, 6, 7,& 58.)  Defendant asserts that after Plaintiff claims he submitted two other appeals, which were not received by the Appeals Coordinator, Plaintiff was advised by the Office of Inspector General (OIG) to continue utilizing the available administrative remedies at the prison, and to contact his correctional counselor for assistance.  (Id. at 4, 7, 8, 21-22, 49, 51, 67-69, 128-130.)

Defendant asserts that Plaintiff produces no evidence that his administrative remedies were unavailable to him.  Plaintiff produces no evidence that the process described in the March 20, 2012 Memo, informing prisoners that they could obtain proof of submitted appeals by submitting Form 22, was not available to him on or after July 20, 2012, when he attempted to exhaust.  In fact, Plaintiff's actions suggest that his ability to use Form 22 was available, because he used Form 22's to communicate with Appeals Coordinator's Office regarding the status of his appeals.  Plaintiff also demonstrated that despite alleged interference with submission of his appeals by correctional officers, the Appeals Coordinator's office was able to communicate with him, urging him to resubmit his appeal.

Defendant argues that the March 2012 Memo was not indicative of the notion of missing appeals at SATF before Plaintiff's arrival there, as the Memo only showed that appeal collection sites had been relocated, and that a process was available for inmates to obtain proof

of appeal submission.  (<u>Id.</u> at 46-47.)  The Memo advised inmates who chose not to use Form 22s to utilize the existing grievance system, as Plaintiff was also advised by the OIG, which shows that further administrative remedies were available to Plaintiff.  (<u>Id.</u> at 46-49.)

Defendant also argues that Plaintiff fails to meet his burden of producing evidence that he utilized all of his available administrative remedies.  First, Plaintiff does not produce any Form 22 showing he followed the March 20, 2012 Memo's instructions to obtain proof that his appeals were actually submitted.  Evidence of Plaintiff's knowledge of the Memo flatly contradicts Plaintiff's allegation that there is no process to ensure that what is placed inside an appeals collections box gets to the Appeals Coordinator.  (<u>Id.</u> at 68-69.)  Plaintiff was also familiar with the process of using Form 22s to communicate with the Appeals Coordinator's office and could have submitted as evidence the Appeals Coordinator's response informing him that his appeals were not received, but Plaintiff failed to do so.

Second, Plaintiff does not produce any evidence that he contacted his correctional counselor to assist him with the appeals process, as he was advised by the OIG's office, or produce any affidavits from his counselor to support his theory that his appeals were being stolen and his administrative remedies were not still available.  Plaintiff's letter-writing campaign to government agencies about his missing appeals shows that he abandoned his available administrative remedies.  (<u>Id.</u> at 51, 53-56.)

Third, Plaintiff's possession of his purported appeal documenting the July 20 incident casts doubt on whether he actually submitted this appeal.

And fourth, the fact that Plaintiff was able to fully exhaust his appeal log no. SATF-B-12-03342 during the time he claims his remedies were unavailable demonstrates that the remedies were available but Plaintiff failed to use them.

Based on this evidence, Defendant argues that he is entitled to summary judgment on the issue of exhaustion of remedies for Plaintiff's claims against him in the Supplemental Complaint.

///

///

1  **IX.    DISCUSSION**

2         The allegations and claims at issue in the Supplemental Complaint are based on an

3  event allegedly occurring at SATF on July 20, 2012, in which defendant Lopez is alleged to

4  have used excessive force when he pushed Plaintiff from behind and extended his baton to

5  provoke an altercation, in retaliation for Plaintiff "winning" a Rules Violation Report authored

6  by Defendant Lopez against Plaintiff, and also for Plaintiff filing his original complaint in this

7  action.  (Undisputed Facts (UF) 1-3; Doc. 22 at 6.)

8         There is no dispute that Plaintiff did not exhaust his administrative remedies for these

9  claims to the final level of appeal using the prison's appeals process.   (UF 4-6.)   At issue is

10  whether the appeals process was made effectively unavailable to Plaintiff because SATF failed

11  to properly process Plaintiff's appeals, or whether Plaintiff failed to exhaust the remedies that

12  were available to him.   Plaintiff seeks to excuse his failure to exhaust by establishing that the

13  facility's grievance process was unavailable to him because the appeals he placed in the

14  prison's receptacle were lost or stolen by prison officials, so that the appeals were never

15  responded to or returned to Plaintiff at any level of the screening process.

16         The court finds that Plaintiff's evidence, taken in the light most favorable to Plaintiff,

17  raises a genuine dispute of material fact as to whether his remedies were effectively

18  unavailable.   "To be available, a remedy must be available 'as a practical matter'; it must be

19  'capable of use; at hand.'"   Albino II, 747 F.3d at 1171 (quoting Brown v. Croak, 312 F.3d 109,

20  112 (3d Cir. 2002)).   The court rejects Defendant's arguments that Plaintiff's testimony in his

21  Declaration is "merely allegations and speculation," and that Plaintiff presents no evidence that

22  his remedies were unavailable.   Plaintiff's declaration, signed under penalty of perjury on

23  March 27, 2013, is admissible evidence.[15]   See Williams v. Paramo, No. 13-56004, 2015 WL

24  74144, at *8 (9th Cir. Jan. 7, 2015).   Plaintiff's assertion that he properly submitted a Form 602

25  appeal three times and never received a response is based on Plaintiff's personal knowledge.

27         [15] Plaintiff previously submitted the Declaration to the court in this action on April 1, 2013, in
support of his Motion to file a Supplemental Complaint, as evidence that he exhausted his available remedies for
28  his claims in the Supplemental Complaint.  (Doc. 20.)

Defendant argues that Plaintiff failed to produce affidavits or declarations from witnesses, but Plaintiff is not required to submit all the evidence he could possibly amass to defeat summary judgment.  Plaintiff only needs to show that the appeals process was unavailable to him because of affirmative acts by prison officials, even if unintentional.  Plaintiff's evidence shows that he received a response from the Appeals Coordinator on August 10, 2012, in response to his query of August 8, 2012 about the status of his first appeal. (Doc. 53, Exh. J.)  The court finds Plaintiff's August 8 query to be credible evidence that Plaintiff placed his first appeal in the appeals box sometime between July 20, 2012 and August 8, 2012, because it is unlikely that Plaintiff would fabricate a story on August 8 about submitting an appeal if he could just as easily submit the appeal in a timely manner on August 8.[16]  Defendant's argument that Plaintiff failed to do more than speculate that correctional officers stole his appeals is unpersuasive. Plaintiff does not need to prove what happened to the appeals after they were placed in the box. It is enough that he shows that he submitted his first appeal in a locked box accessible only to correctional officers, that the appeal was taken out of the box and never received by or responded to by the Appeals Coordinator, and that he continued to exhaust any remedies still available to him.

The court rejects Defendant's argument that the appeals process was available to Plaintiff because he was able to submit and exhaust another appeal during the same time period.  "[D]efendant[] may not simply rely on the existence of an administrative review process to overcome a prisoner's showing that administrative remedies were not available to him." Williams, 2015 WL 74144 at *8.  This argument is "a virtual non-sequitur because it does nothing to rebut [Plaintiff's] evidence that administrative remedies were not available to [him] at the time [he] tried to file the relevant grievance and appeal in this case."  Id. Moreover, permitting a defendant to show that remedies merely existed in a general sense where a plaintiff has specifically alleged that official action prevented [him] from filing a

///

_____

[16] Plaintiff had thirty calendar days from the July 20, 2012 incident in which to submit an appeal at the first level.  Cal.Code Regs., tit. 15 §§ 3084.7(a), 3084.8(c).

particular grievance would force a plaintiff to bear the burden of proof, a burden which the plaintiff does not bear.  Albino II, 747 F.3d at 1172.

Defendant's argument that Plaintiff failed to use the available process to track his appeals, as described in the March 20, 2012 Memo, is unpersuasive because the Memo itself is evidence that the process to track appeals was not a required part of the appeals process.  The Memo discusses an alternative process, which is to follow up with the Appeals Coordinator if an appeal is lost, and Plaintiff used that alternative process.  Plaintiff's evidence shows that he submitted a query to the Appeals Coordinator about his missing appeal, and he was told to re-submit the appeal, which he did.  (Doc. 53, Exh. J.)  This demonstrates that even though Plaintiff wrote to government agencies, which is not part of the exhaustion process, he also continued to use the prison's appeal process.

Defendant questions Plaintiff's credibility, based on inconsistencies in Plaintiff's evidence.  Defendant questions how Plaintiff can claim he provided his "actual appeal" to the Appeals Coordinator as evidence that he had submitted it, but does not explain how he gained possession of the "actual appeal" if it is missing.  Defendant also questions Plaintiff's assertion that the appeal is the first appeal, because Plaintiff's own handwriting on the appeal shows it to be the "second appeal."  (Doc. 53, Exh. K.)  The court finds the various names for Plaintiff's appeal to be consistent with his assertions that he submitted the first appeal, which was lost, then submitted a "copy" of the first appeal [dated 7-20-12] to the Appeals Coordinator with his Form 22 query, and then, following the Appeals Coordinator's instruction, submitted a second "copy" of the first appeal [dated 7-20-12] upon which he wrote "this is my second appeal, the first became lost from the box in building #2."  (Id.)

Defendant also argues that Plaintiff's statement that there is no process available to track appeals is contradicted by his knowledge of the March 20, 2012 Memo which discusses how inmates can track their appeals.  However, evidence suggests that Plaintiff did not possess a copy of the Memo on July 23, 2014, when he requested a copy of the Memo from Defendant during discovery.  (Exh. Q to Doc. 53.)  Defendant has not submitted evidence that Plaintiff was aware of the tracking process when he submitted his appeals.

21

1    Plaintiff also appears to misstate in the Supplemental Complaint that he exhausted his

2 claims "all the way to the Director's Level," after stating in his Declaration of April 1, 2013

3 that he never received any response to his appeals.  However, it is not unreasonable to believe

4 that Plaintiff was referring to the fact that he exhausted his remedies for claims in the *original*

5 complaint to the Director's Level before filing the *original* complaint.

6    Even if the discrepancies in Plaintiff's evidence did not have reasonable explanations,

7 the ultimate burden of proof remains with Defendant, who has not submitted sufficient

8 evidence that the appeals process was available to Plaintiff.

9 **X.    CONCLUSION AND RECOMMENDATIONS**

10    Defendant has met his burden of demonstrating that under the undisputed facts, Plaintiff

11 failed to exhaust his remedies for his claims in the Supplemental Complaint prior to filing the

12 Supplemental Complaint, in compliance with § 1997e(a).  Defendant has shown an absence in

13 the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of

14 the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the

15 Supplemental Complaint against Defendant in this action.  However, Plaintiff has submitted

16 genuine evidence of disputed material facts calling into question whether he completed the

17 process that was available to him for his claims against defendant Lopez in the Supplemental

18 Complaint.  Therefore, **IT IS HEREBY RECOMMENDED** that Defendant's motion for

19 summary judgment, filed on August 14, 2014, be DENIED.

20    These findings and recommendations are submitted to the United States District Judge

21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty

22 days after being served with these findings and recommendations, any party may file written

23 objections with the court.  Such a document should be captioned "Objections to Magistrate

24 Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed

25 within ten days after service of the objections.  The parties are advised that failure to file

26 objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

27 ///

28 ///

Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **January 23, 2015**               **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE