UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON,<br><br>    Plaintiff,<br><br>vs.<br><br>J. LOPEZ, et al.,<br><br>    Defendants. | 1:12-cv-01066-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS SUPPLEMENTAL COMPLAINT FOR FAILURE TO STATE A CLAIM, OR BASED ON QUALIFIED IMMUNITY, BE GRANTED IN PART, WITH LEAVE TO AMEND; AND THAT DEFENDANT'S MOTION TO STRIKE BE DENIED<br>(Doc. 38.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

    Kelvin Felton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's original Complaint, filed on June 29, 2012, against defendants Correctional Officer (C/O) J. Lopez and C/O S. Harrison for use of excessive force in violation of the Eighth Amendment; and on Plaintiff's Supplemental Complaint, filed on April 19, 2013, against C/O J. Lopez for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.  (Docs. 1, 22.)

1

1  On May 2, 2014, Defendant Lopez ("Defendant") filed a Rule 12(b)(6) motion to dismiss the Supplemental Complaint for failure to state a claim, or in the alternative, based on qualified immunity. (Doc. 38.) Defendant also moves under Rule 12(f) to strike exhibits attached to the original Complaint, because they concern allegations against Correctional Sergeant C. Beltran who is not a defendant in this case and thus are irrelevant and prejudicial. (Id.) On June 23, 2014, Plaintiff filed an opposition to the motions. (Doc. 45.) On July 1, 2014, Defendant filed a reply. (Doc. 47.) Defendant's motion to dismiss and to strike are now before the court.

## II. PLAINTIFF'S ALLEGATIONS IN THE SUPPLEMENTAL COMPLAINT

Plaintiff is presently incarcerated at California Men's Colony West in San Luis Obispo, California. The events at issue in the Supplemental Complaint allegedly occurred at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, when Plaintiff was incarcerated there.

Plaintiff alleges that on July 20, 2012, C/O J. Lopez, knowing that Plaintiff had an existing shoulder injury, pushed Plaintiff from behind and extended his baton in hopes of provoking an altercation between Plaintiff and himself. This incident occurred after Plaintiff won a rules violation report authored by C/O Lopez, which angered C/O Lopez. The incident was witnessed by the entire dining hall.[1]

Plaintiff requests monetary damages and declaratory relief.

## III. RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Prior Screening Order

Under the Prison Litigation Reform Act ("PLRA") the Court has a statutory duty to screen complaints in cases such as this and dismiss any claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.   Given the

---

[1] Plaintiff also refers back to the incident alleged in the original Complaint, which occurred before June 29, 2012, during which defendants Lopez and Harrison twisted and jerked Plaintiff's left shoulder, causing injuries resulting in Plaintiff's need for a complete shoulder replacement. As of the filing date of the Supplemental Complaint, Plaintiff was still awaiting shoulder surgery.

requirements of the PLRA, the Court is disinclined to view with favor a subsequent motion seeking dismissal for failure to state a claim. On January 9, 2014, this Court issued an order indicating that it had screened Plaintiff's Supplemental Complaint pursuant to 28 U.S.C. § 1915A and found that it stated cognizable claims against Defendant Lopez for use of excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (Doc. 30.) While the order finding cognizable claims did not include a full analysis,[2] the Court conducted the same examination as it does in all screening orders. In other words, the Court's conclusion was based upon the same legal standards as this 12(b)(6) motion.

**B.    Legal Standard**

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2

---

[2] Generally, the Court provides a fully reasoned analysis only when it must explain why the complaint *does not* state at least one claim. In cases where the complaint states only cognizable claims against all named defendants, the Court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

L.Ed.2d 80 (1957)).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer, 416 U.S. at 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations.  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 1949 (citing Twombly, 550 U.S. at 555.  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45-46).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556).  The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).

**C.     Defendant's Motion**

Defendant argues that Plaintiff fails to state any claims in the Supplemental Complaint against Defendant, for use of excessive force or retaliation.

**1.     Excessive Force – Eighth Amendment Claim**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim

is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

**Defendant's Position**

Defendant argues that Plaintiff's Eighth Amendment claims about being pushed by Defendant Lopez fails to plead that he suffered more than a *de minimus* injury as required by the Prison Litigation Reform Act (PLRA).

Defendant argues that while Plaintiff alleges that on July 20, 2012, Defendant Lopez "pushed him from behind and extended his baton in hopes of provoking an altercation," and that Defendant's "excessive force . . . caused further injury to Plaintiff's left shoulder," (Doc. 22 at ¶6), Plaintiff does not allege with any particularity that the push was in a location of his body that involved the shoulder, or had any effect whatsoever on the shoulder, which alleges no

causal link and thus, is just *de minimus*. Defendant argues that the PLRA requires a prisoner to show that he suffered a "physical injury" which must be more than *de minimus* but need not be significant. 42 U.S.C. § 1997e(e); <u>Oliver</u>, 289 F.3d at 627. Defendant argues that the physical injury requirement directs the court to consider the injury suffered by an individual and not the degree of force used by the state to inflict the injury. Defendant argues that Plaintiff's allegations cannot affirmatively link Defendant's conduct to any further injuries to Plaintiff's shoulder and therefore, fail to state a claim against Defendant for the July 20, 2012 incident. Defendant concludes that because Plaintiff's Supplemental Complaint is devoid of any allegation of injury suffered from the shove, Plaintiff's allegations are insufficient to state a claim of excessive force against Defendant.

**Plaintiff's Position**

Plaintiff alleges that the July 20, 2012 incident was part of a harassment program by Defendant Lopez which began after Plaintiff was successful in getting a rules violation report (RVR) generated by Defendant Lopez reversed. Plaintiff alleges that Defendant was well aware of his existing injury, and Defendant's pushing of Plaintiff from behind and extending his baton caused further injury.

Plaintiff argues that Defendant's use of force was malicious and sadistic because he was acting out of anger about the RVR, and such force, to cause harm, always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Plaintiff asserts that because there was absolutely no need for force, it follows that the amount used was unnecessary.

**Discussion**

The court looks to Plaintiff's allegations in the Supplemental Complaint, taking as true any of Plaintiff's well-pleaded factual allegations and construing the alleged facts in the light most favorable to Plaintiff.

The court finds Plaintiff's bare assertions that on July 20, 2012, Defendant Lopez "under the color of state law used excessive force on Plaintiff" to be impermissibly conclusory. (Supp. Cmp., Doc. 22 at 2:25, 9:6-8.) However, the court finds Plaintiff's other allegations

plausible, including allegations that Defendant Lopez "caused further injury to Plaintiff's left shoulder after being told of an existing injury, . . physically pushed Plaintiff from behind and extended his baton in hopes of provoking an altercation between Plaintiff and himself, . . . angered to the point of the July 20, 2012 battery against Plaintiff . . . [because] plaintiff [won] a rules violation report authored by J. Lopez against Plaintiff." (Id. at 2 ¶6, 9 ¶32.) These allegations, liberally construed, are sufficient to state a cognizable claim for use of excessive force.

Defendant's argument that that the PLRA requires a prisoner to show that he suffered a "physical injury" which must be more than *de minimus* is not relevant to whether Plaintiff states a claim for excessive force. Defendant cites 42 U.S.C. § 1997e(e) and Oliver , 289 F. 3d at 628, as evidence of a "physical injury" requirement. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18.)" 42 U.S.C. §1997e(e). A plain reading of this section is sufficient to show that the "physical injury" requirement in the statute affects a prisoner's ability to state a claim for "mental or emotional injury," not a claim for excessive force. Here, Plaintiff has not claimed in the Supplemental Complaint that he suffered emotional distress or other mental injury, (Doc. 22 at 10), and even if he did, he meets the "physical injury requirement" by his allegation that he suffered "further injury to his shoulder," (Id. at 2 ¶6). Moreover, a claim for excessive force does not require a showing of substantial physical injury. "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm, [and] "[t]he absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson, 503 U.S. at 7.

Based on the foregoing, the court finds that Defendant has not shown that Plaintiff fails to state a cognizable claim for excessive force against Defendant Lopez in the Supplemental Complaint. Therefore, Defendant's motion to dismiss the excessive force claim should be denied.

## 2. Retaliation – First Amendment Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate, (2) because of (3) that prisoner's protected conduct; that such action (4) chilled the inmate's exercise of his First Amendment rights; and (5) that the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

**Defendant's Position**

Defendant argues that Plaintiff's allegations in the Supplemental Complaint are insufficient to state a First Amendment claim for retaliation. First, Defendant argues that Plaintiff has not alleged any protected conduct. Plaintiff has alleged that Defendant Lopez shoved him after his original Complaint was filed and after "winning" an RVR authored by Defendant Lopez against Plaintiff. (Doc. 22 at ¶6.) Defendant argues that "winning" does not denote any protected activity. While the court's screening order mentioned that Plaintiff's speech in his defense at the RVR proceeding may be protected conduct, Defendant argues that no such speech or other specific protected activity is actually pled in the Supplemental Complaint. (Doc. 30 at 5.)

Defendant also argues that Plaintiff's opposition to the motion to dismiss contradicts his Supplemental Complaint's allegations regarding whether he was engaged in a protected activity. Defendant asserts that Plaintiff originally alleged that Defendant Lopez shoved him because he "won" an RVR that Defendant had authored against him, whereas Plaintiff's opposition claims that the protected activity was the "filing" of an inmate grievance, not "winning" the RVR. (Doc. 45 at 3.) Later on in the opposition, Plaintiff lists "speech" as his protected activity. (Id. at 4.)

Further, Defendant argues that Plaintiff does not allege facts showing that his First Amendment rights were "chilled." Defendant argues that Plaintiff does not mention the First Amendment in his Supplemental Complaint, or that any protected conduct was chilled by Defendant Lopez's shove. Defendant asserts that Plaintiff classified the July 20, 2012 incident as another example of an Eighth Amendment violation via excessive force, not retaliation. (Doc. 22 at ¶32.) Defendant argues that the filing of the Supplemental Complaint itself is evidence that Plaintiff was clearly not chilled in the exercise of his rights.

Defendant also asserts that Plaintiff utterly fails to allege any facts showing that Defendant Lopez allegedly pushed him because Plaintiff filed his original Complaint, and indeed he only alleges that the push had to do with the RVR. (Id. at ¶6.) Finally, Defendant argues that Plaintiff cannot satisfy the "causation" element because the original Complaint was served at the same time as the Supplemental Complaint and thus, Defendant Lopez would not have known about the original Complaint before the alleged incident occurred.

**Plaintiff's Position**

Plaintiff argues that his allegations in the Supplemental Complaint are sufficient to satisfy the five elements of a retaliation claim. Plaintiff first asserts that he filed an inmate grievance, which is protected conduct, and was retaliated against by Defendant after winning the grievance. Next, Plaintiff alleges that Defendant pushed Plaintiff unnecessarily and attempted to provoke an altercation, which is an adverse action. Next, Plaintiff relies on the chronology of events from which retaliation can be inferred, arguing that the connection of the RVR authored by Defendant, the subsequent reversal, and the attack on Plaintiff is apparent.

Next, Plaintiff argues that according to Rhodes, 408 F.3d at 569, the fact that the retaliatory conduct does not chill a plaintiff from suing the retaliator does not defeat the retaliation claim at the motion to dismiss stage. Finally, Plaintiff argues that Defendant's conduct did not advance any legitimate goals of the institution or maintain any order. Plaintiff argues that to the contrary, Defendant's actions caused disruption and disorder.

**Discussion**

The court again looks to Plaintiff's allegations in the Supplemental Complaint, taking as true any of Plaintiff's well-pleaded factual allegations. Plaintiff alleges that on July 20, 2012, J. Lopez "physically pushed plaintiff from behind and extended his baton in hopes of provoking an altercation between Plaintiff and himself. This incident was after the original filing of a civil rights complaint against J. Lopez, filed June 29, 2012 and plaintiff winning a rules violation report authored by J. Lopez against Plaintiff." (Suppl. Compl., Doc, 22 at 2-3 ¶IV.) In the screening order, the court found that the Supplemental Complaint "states a cognizable claim for retaliation against defendant Lopez . . , to the extent that Plaintiff's speech in his defense in a rules violation proceeding is protected conduct under the First Amendment." (Doc. 30 at 5:11-13.)

However, the court concurs with Defendant that Plaintiff's opposition to the motion to dismiss confuses his claim of protected conduct and creates doubt about whether Plaintiff satisfies the first element of a retaliation claim. In the Supplemental Complaint, Plaintiff clearly states that Defendant Lopez's adverse conduct was related to his filing of a civil rights complaint and winning a RVR authored by Defendant. In his opposition, Plaintiff argues that his filing of a grievance was protected conduct, and that Defendant was angry because Plaintiff "won" the RVR or grievance. Plaintiff also refers to his "speech" as a protected conduct. These inconsistencies are enough for the court to find Plaintiff's retaliation claim noncognizable, because Plaintiff has not clearly satisfied the first element of a retaliation claim. Plaintiff must first clearly allege what protected conduct Defendant retaliated against.

Defendant argues that Plaintiff cannot show the "causation" element for his filing of the original Complaint, because Defendant would not have known about the original Complaint

before the alleged incident occurred. This argument has merit. Plaintiff filed the original Complaint on June 29, 2012, and according to the court's record, the earliest that Defendant Lopez would have received a copy of the Complaint was after it was mailed to him by the United States Marshal on March 11, 2013. (Docs. 1, 32.) To the extent that Plaintiff claims that Defendant reacted on July 20, 2012 to the filing of his original Complaint, Plaintiff must allege facts showing that Defendant knew the Complaint was filed. Plaintiff cannot state a retaliation claim unless he demonstrates that Defendant acted against him *because of* his protected conduct.

Defendant's argument that Plaintiff's rights clearly were not chilled because he filed the Supplemental Complaint is unpersuasive. The Ninth Circuit has held that "at the pleading stage, we have *never* required a litigant, *per impossibile,* to demonstrate a *total* chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim." Rhodes 408 F. 3d at 568 (emphasis in original). The proper inquiry is "whether an official's acts would chill *or* silence a person of ordinary firmness from future First Amendment activities." Id. at 569 (emphasis in original). The court held that "it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity." Id. (case citations omitted.)

Based on the foregoing, the court finds that Plaintiff fails to state a cognizable claim for retaliation in the Supplemental Complaint. Therefore, Defendant's motion to dismiss the retaliation claim should be granted.

**IV.   QUALIFIED IMMUNITY**

Finally, Defendant argues that he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "Qualified immunity balances two important interests—the need to

hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.' " Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) (Kennedy, J., dissenting)).

As recognized by the Ninth Circuit, "government officials are entitled to raise the qualified immunity defense immediately, on a motion to dismiss the complaint, to protect against the burdens of discovery and other pre-trial procedures.  The qualified immunity issue, in turn, cannot be resolved without first deciding the scope of the constitutional rights at stake. The unintended consequence of this confluence of procedural doctrines is that the courts may be called upon to decide far-reaching constitutional questions on a nonexistent factual record, even where . . . discovery would readily reveal the plaintiff's claims to be factually baseless. [Thus,] while government officials have the right, for well-developed policy reasons, to raise . . . the qualified immunity defense on a motion to dismiss, the exercise of that authority is not a wise choice in every case."  Wong v. United States, 373 F.3d 952, 956-57 (9th Cir. 2004) (internal citations and quotations omitted).

In determining whether an officer is entitled to qualified immunity, the court must decide (1) whether facts alleged or shown by plaintiff make out a violation of constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct.  Pearson, 555 U.S. at 232 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Id. at 236.  In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

"The measuring rod for determining whether an official's conduct violates a plaintiff's constitutional right was set forth by the Supreme Court in Ashcroft v. al-Kidd, – U.S. –, 131

S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011): A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.' Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)." Lal v. California, 746 F.3d 1112, 1115-17 (9th Cir. 2014.)

Defendant first argues that, with regard to Plaintiff's claims in the Supplemental Complaint, there was no violation of any constitutional rights by Defendant Lopez, and therefore qualified immunity should be granted. In the alternative, Defendant argues that should the court find a constitutional violation, qualified immunity should be granted because Plaintiff cannot sufficiently allege that he suffered more than a *de minimus* injury, and it would not be clear to a reasonable official in Defendant Lopez's position that a push, without more, would violate Plaintiff's Eighth Amendment rights.

With respect to the first prong of Saucier, as previously set forth, while Plaintiff's claims might well be proven to be baseless, at this stage on a motion to dismiss, the court is bound by federal notice pleading standards. Plaintiff has alleged that Defendant pushed him from behind and extended his baton in hopes of provoking an altercation between Plaintiff and himself, injuring Plaintiff's shoulder, out of anger because Plaintiff won a rules violation report authored by J. Lopez against Plaintiff. (Suppl. Cmpl., Doc. 22 at 2 ¶6, 9 ¶32.) As discussed above in this order, the court found that these allegations state a cognizable claim against Defendant for use of excessive force, in violation of the Eighth Amendment. Therefore, at this stage, Plaintiff's allegations are sufficient to show that Defendant's conduct violated Plaintiff's constitutional rights to be free from excessive force. Saucier, 533 U.S. at 201.

Turning to the second prong, the court must determine whether Plaintiff's rights were clearly established. Id. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." Id. "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citation omitted).

The incident at issue in Plaintiff's Supplemental Complaint allegedly occurred on July 20, 2012. The alleged shove by Defendant Lopez occurred following an earlier incident in which Plaintiff alleges Defendant participated in an assault against Plaintiff which resulted in injuries to Plaintiff's shoulder requiring surgery. Taking Plaintiff's allegations as true, Defendant knew that Plaintiff's shoulder had been seriously injured when he pushed Plaintiff from behind for no penological reason. The law was clearly established at that time that an officer may not use excessive force against an inmate. The law concerning Eighth Amendment protections against excessive force was established in Whitley v. Albers, 475 U.S. 312, 320-321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (factors affecting whether force is excessive include "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted . . . But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.") (internal quotation and citation omitted).

Granting dismissal to Defendant on the ground of qualified immunity is "improper if, under the plaintiff's version of the facts, and in light of the clearly established law, a reasonable officer could not have believed his conduct was lawful." Schwenk v. Hartford, 204 F.3d 1187, 1196 (2000). The court finds that, at the time of the incident against Plaintiff, the law was sufficiently clearly established to place a reasonable correctional officer on notice that harming an injured prisoner without a disciplinary or other permissible purpose violates the Eighth Amendment. Accordingly, the court finds that Defendant is not entitled to dismissal of the excessive force claim against him in the Supplemental Complaint based on qualified immunity.

## V. MOTION TO STRIKE

Defendant brings a motion to strike some of the exhibits to Plaintiff's original Complaint. In light of the fact that by this order, Plaintiff shall be granted leave to file a First Amended Complaint, which shall supercede the original Complaint, Defendant's motion to strike is moot and should be denied as such.

///

## VI. CONCLUSION AND RECOMMENDATIONS

With respect to Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim, the court finds that Plaintiff states a cognizable claim in the Supplemental Complaint against Defendant for use of excessive force, but not for retaliation. With respect to Defendant's motion to dismiss based on qualified immunity, the court finds that Defendant is not entitled to qualified immunity because the law was clearly established that an officer may not use excessive force against an inmate. Therefore, Defendant's motion should be granted in part and denied in part.

The court also finds that Plaintiff should be granted leave to amend. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). This case now proceeds with the original Complaint, filed on June 29, 2012, and the Supplemental Complaint, filed on April 19, 2013. (Docs. 1, 22.) Plaintiff has never amended the Complaint or Supplemental Complaint. At this juncture, in the interest of justice and to avoid confusion that may arise from proceeding with two complaints, the court finds that Plaintiff should be granted leave to file a First Amended Complaint combining his claims in the original Complaint and the Supplemental Complaint.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's retaliation claim from the Supplemental Complaint for failure to state a claim be GRANTED;
2. Plaintiff's retaliation claim be DISMISSED from the Supplemental Complaint, with leave to amend;
3. Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's excessive force claim from the Supplemental Complaint for failure to state a claim be DENIED;
4. Defendant's motion to dismiss the claims against him in the Supplemental Complaint based on qualified immunity be DENIED;
5. Defendant's motion to strike exhibits from the original Complaint be DENIED as moot; and

6. Plaintiff be GRANTED leave to file a First Amended Complaint, combining the claims in the original Complaint and the Supplemental Complaint.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 27, 2015**              /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE