UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J. LOPEZ, et al.,<br><br>　　　　Defendants. | 1:12-cv-01066-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AS MOOT<br>(Doc. 57.) |

**I.　　BACKGROUND**

　　Kelvin Felton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's original Complaint, filed on June 29, 2012, against defendants Correctional Officer (C/O) J. Lopez and C/O S. Harrison for use of excessive force in violation of the Eighth Amendment; and on Plaintiff's Supplemental Complaint, filed on April 19, 2013, against C/O J. Lopez for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment.  (Docs. 1, 22.)

　　On May 2, 2014, defendant Lopez filed a motion to dismiss the Supplemental Complaint, which is pending.[1]  (Doc. 38.)  Also on May 2, 2014, defendant Harrison filed an

---

[1] On January 23, 2015, the court issued findings and recommendations to deny the motion to dismiss.  (Doc. 58.)  The parties were granted thirty days in which to file objections to the findings and recommendations.  (Id.)  To date, no objections have been filed.

1

Answer. (Doc. 39.) On May 14, 2014, the Court issued a Scheduling Order establishing deadlines of January 14, 2015 for completion of discovery, and March 23, 2015 for the parties to file pretrial dispositive motions. (Doc. 40.) On August 14, 2014, defendant Lopez filed a motion for summary judgment on Plaintiff's claims in the Supplemental Complaint, which is pending.[2] (Doc. 50.)

On January 9, 2015, defendants Lopez and Harrison ("Defendants") filed a motion to modify the Scheduling Order. (Doc. 57.) On January 26, 2015, Plaintiff filed an opposition to Defendants' motion. (Doc. 60.) On February 2, 2015, Defendants filed a reply. (Doc. 63.) Defendants' motion to modify the Scheduling Order is now before the court.

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendants request a stay of the discovery deadline pending resolution of defendant Lopez's motion for summary judgment and motion to dismiss. Defendants assert that defendant Lopez has not begun the discovery process, and cannot begin discovery until all of the legal issues raised in his motion to dismiss and motion for summary judgment are fully adjudicated. Defendants argue that if the current discovery deadline of January 14, 2015

---

[2] On January 28, 2015, the court issued findings and recommendations to grant in part the motion to dismiss, with leave to amend. (Doc. 61.) The parties were granted thirty days in which to file objections to the findings and recommendations. (<u>Id.</u>) To date, no objections have been filed.

expires before the court has ruled on defendant Lopez's motions, defendant Lopez will not have a chance to participate in discovery at all. Defendants request the court to issue a new discovery order, if needed, after defendant Lopez's motions are resolved.

**Discussion**

The court finds that Defendants have shown due diligence in litigating this action, and in anticipating that the discovery deadline may expire before defendant Lopez's motions have been resolved, denying defendant Lopez the opportunity to participate in discovery. However, given that the discovery deadline of January 14, 2015 has now expired, Defendants' request to stay discovery is moot, and there is no immediate need to modify the Scheduling Order pending the resolution of defendant Lopez's motions. Therefore, the court shall deny Defendants' motion to modify the scheduling order as moot, and if needed, the court shall issue a new Scheduling Order after defendant Lopez's motions are resolved.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the court's Scheduling Order is DENIED as moot; and
2. If needed, the court shall issue a new Scheduling Order after defendant Lopez's motion for summary judgment and motion to dismiss are resolved.

IT IS SO ORDERED.

Dated:   **February 5, 2015**                              **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE