UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON,<br><br>            Plaintiff,<br><br>   vs.<br><br>J. LOPEZ, et al.,<br><br>            Defendants. | 1:12-cv-01066-AWI-GSA-PC<br><br>ORDER DENYING REQUEST FOR APPLICATION OF NON-PRISONER PROVISIONS IN LOCAL RULES<br>(Doc. 72.) |

**I.      BACKGROUND**

Kelvin Felton ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 29, 2012, against defendants J. Lopez and S. Harrison ("Defendants"). (Doc. 1.)  On May 2, 2014, Defendants appeared in this action. (Docs. 38, 39.) On March 5, 2015, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening. (Doc. 68.)

On April 9, 2015, Defendants filed a request for application of non-prisoner provisions in the Local Rules in this action. (Doc. 72.)

**II.     LOCAL RULE 230(*l*)**

Local Rule 230 governs the Court's civil motion calendar and procedure. Rule 230(*l*) provides exceptions to the rule for motions in prisoner cases, defined as "cases wherein one

party is incarcerated and proceeding in propria persona." L.R. 230(*l*).[1]  The main exception to the rule is that motions in prisoner cases are "submitted upon the record without oral argument unless otherwise ordered by the Court." Id.

Defendants seek relief from Local Rule 230(*l*).  Defendants note that on April 6, 2015, Plaintiff filed a notice of change of address indicating that he has been released from prison and now resides in San Diego, California.  (Doc. 71.)

At the time Plaintiff's action was filed, Plaintiff was incarcerated at a correctional institution and was proceeding in propria persona.  Therefore, the Court designated the case as a prisoner case.  (See Court Docket.)  As noted by Defendants, on April 6, 2015, Plaintiff filed a notice of change of address, indicating that he was recently released, and notifying the court of his residence at a street address in San Diego, California.  (Doc. 71.)

Defendants correctly observe that, due to Plaintiff's change in custody, this case does not currently fit within the definition of a prisoner case as stated in Rule 230(*l*).  However, for practical reasons, when a case is designated a prisoner case at the Court, the designation usually remains the same until the case is closed.  The Court is obligated by law to follow distinctly different rules and procedures when managing prisoner case litigation, and continuity is necessary for the Court to manage its docket.  Although the Court is certainly not suggesting, nor in any way indicating, what may occur in the present case, it does take note that in some

---

[1] Local Rule 230(*l*) provides:

"All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court.  Such motions need not be noticed on the motion calendar.  Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.  The moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition.  All such motions will be deemed submitted when the time to reply has expired." L.R. 230(*l*).

other instances a prisoner who has been released from custody is was later returned to custody, and then released again at a later time. This Court has hundreds of pending prisoner cases, and it would create an enormous burden, with little benefit, to change the designation of a case, with the resultant procedural changes, with each change in a litigant's custody status. For these reasons, this case shall remain a prisoner case at this time, and Defendants' motion shall be denied.

**III.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for the application of non-prisoner provisions in Local Rules in this action, filed on April 9, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **April 10, 2015**              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE