UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN FELTON,

        Plaintiff,

  vs.

J. LOPEZ, et al.,

        Defendants.

1:12-cv-01066-AWI-BAM-PC

ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE

## I.   BACKGROUND

Kevin Felton is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on the First Amended Complaint, filed on April 19, 2013, against defendants Correctional Officer (C/O) Lopez and C/O Harrison.

## II.  FINDINGS

On April 10, 2015, the Court issued an order denying Plaintiff's request for application of non-prisoner rules in a civil case requiring Defendants to respond to Plaintiff's request for a settlement conference. (ECF No. 73.) The order was served upon Plaintiff at his last known address at 299 17th Street in San Diego, California. (Id., notice of electronic filing.) On April 13, 2015, the United States Postal Service returned the Order as undeliverable. Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f). Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides:

> "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

In this case, more than sixty-three days have passed since Plaintiff's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Omstead v. Dell, 594 F.3d 1081, 1084 (9th Cir. 2010).  The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since January 11, 2011.  The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228-29 (9th Cir. 2006).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

**III.    ORDER**

Based on the foregoing, the court HEREBY ORDERS that this action is DISMISSED without prejudice, based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   September 29, 2015                                        _____
                                                                                        SENIOR DISTRICT JUDGE